UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN JOSE GARCIA,

    Plaintiff,

v.

SPENCER OLSON, et al.,

    Defendants.

_____/

Case No. 1:23-cv-1085

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The sole remaining claim is Plaintiff Juan Jose Garcia's Eighth Amendment claim against Defendant M. Bardan[1], a registered nurse, arising out of her denial of his requests, or her cancelation of his appointments, to be seen by a vision specialist. Defendant filed a motion for summary judgment on the basis of exhaustion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the unopposed motion. The matter is presently before the Court on Defendant's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

---

[1] In some filings, including her objections, the spelling of Defendant's last name is Barden. The Court has used the spelling currently indicated in the docket.

The Magistrate Judge concluded that Defendant was not entitled to summary judgment for lack of exhaustion because genuine issues of material fact exist as to how Grievance DRF-22-09-1966-28e ("the Grievance"), "which appears to have been sent timely under ¶ W, was processed and rejected as filed untimely under ¶ Q" (R&R, ECF No. 22 at PageID.134). The Magistrate Judge found that Defendant "has not explained the apparent discrepancy between the ¶¶ Q, T and W" (*id.*).

In her objections, Defendant first argues that the Magistrate Judge erred in recommending that this Court deny her motion where Plaintiff did not respond to the motion and therefore purportedly "waived any arguments" as to exhaustion (Obj., ECF No. 27 at PageID.146). Defendant's argument lacks merit. When a non-moving party fails to respond to a motion for summary judgment, a district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden. *See Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

Second, Defendant argues that the Magistrate Judge erred in his timeliness analysis. The Magistrate Judge indicated that while Plaintiff did not allege the dates on which Defendant allegedly denied his request for an eye specialist or cancelled his appointment with the eye specialist, Plaintiff identified September 11, 2022 on the Grievance as the date of the "incident" (R&R, ECF No. 22 at PageID.131). The Magistrate Judge used September 11, 2022 as the date that began the clock running for filing a grievance (*id.* at PageID.131–132). According to Defendant, the operative date is instead May 28, 2021, the date on which Plaintiff was tased and began to suffer vision problems (Obj., ECF No. 27 at PageID.146–147). Defendant argues that because Plaintiff did not file the Grievance until more than 15 months later, the Grievance was

correctly rejected as untimely, without any need to resolve an "apparent discrepancy" between policy directive provisions (*id.* at PageID.148–149).

However, Plaintiff's Eighth Amendment claim against Defendant does not arise from the date of his tasing injury, i.e., an excessive force claim, but from the injury he alleges arose from her actions preventing him from accessing medical treatment, i.e., a claim for deliberate indifference to his serious medical care needs. *Cf. Hawkins v. Spitters*, 79 F. App'x 168, 169 (6th Cir. 2003) ("[T]he 'violation' being challenged is the denial of his request for medical attention.") Therefore, Defendant's argument fails to demonstrate any error in the Magistrate Judge's analysis or ultimate conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 27) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 17) is DENIED for the reasons stated in the Report and Recommendation.

Dated: July 30, 2025
/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge